## Moses Ovenu, Defendant in Error, v. Esther Ovenu, Plaintiff in Error.

### Gen. No. 21,618.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

## Statement of the Case.

Action of forcible detainer by Moses Ovenu, plaintiff, against Esther Ovenu, defendant. Plaintiff had judgment for possession, in an attempt to reverse which, defendant brings this writ of error.

The facts are briefly that plaintiff claimed to be the owner in fee of a building consisting of two flats and three stores; that at the time in question the flat here involved was vacant and unoccupied, the other flat being tenanted, one of the stores being occupied by a son of plaintiff, who had the keys to the vacant flat and kept them in his possession in the store which he occupied; that while he paid no rent to his father for the store, he collected the rent from the tenant and paid it over to plaintiff, for whom he acted as agent for the whole building. To the son prospective tenants applied for the keys of the vacant flat so that they might inspect it, and to him defendant applied for and received the keys.

Plaintiff proffered a warranty deed from the husband of defendant, in which deed she did not join, conveying to plaintiff the whole of the property. Aside from this deed the evidence in the record showed that plaintiff was in the possession of the whole property by his tenant of the occupied flat and the possession by his son of one of the stores as tenant of his father and also his possession of the building as agent of his father.

By a subterfuge defendant obtained the keys to the flat from Max Ovenu, and at night surreptitiously, and without any leave from plaintiff or his agent and without any knowledge on their part of her intentions, moved into the flat with her furniture and children, and continued to retain possession from that time to the commencement of this suit and after demand upon her to vacate and surrender possession to plaintiff.

ADLER & LEDERER, for plaintiff in error.

MILES J. DEVINE, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Ovenu v. Ovenu, 199 Ill. App. 385.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 1*—*when questions of title cannot be adjudicated.* Questions of title cannot be tried or adjudicated in a forcible detainer action.

2. FORCIBLE ENTRY AND DETAINER, § 5*—*what constitutes forcible entry.* A surreptitious entry into a vacant tenement without right or title and without the consent or knowledge of the owner is a forcible entry which entitles the owner to invoke the statute (J. & A. ¶ 5843) to regain possession.

3. FORCIBLE ENTRY AND DETAINER, § 20*—*when possession by another is possession by owner.* The owner of a building is in possession thereof where it is partly occupied by tenants and the part thereof forcibly detained was in possession of the owner's son, who had the keys until defendant secured them from him by a false pretense.

4. FORCIBLE ENTRY AND DETAINER, § 25*—*when laches not defense.* The fact that the owner of property failed to commence suit to recover possession until seven months after demanding possession is not a defense where defendant's entry was unlawful and the detention without right, notice or demand for possession not being necessary in such case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.